UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PASCUAL RODRIGUEZ,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

No. 3:21-cv-598 (SRU)

Related Case No. 3:16-cr-238

## DECISION AND ORDER

Pascual Rodriguez ("Rodriguez" or "the petitioner"), proceeding *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, challenging the legality of the sentence imposed on him. For the foregoing reasons, Rodriguez's petition is **DENIED**.

### I. RELEVANT BACKGROUND

Rodriguez pled guilty on October 12, 2018, to kidnapping, in violation of 18 U.S.C §§ 1201(a) and 2. *See* No. 16-cr-238, Doc. No. 282. On July 2, 2019, Rodriguez was sentenced to 135 months' imprisonment and three years of subsequent supervised release. *See* No. 16-cr-238, Doc. No. 315. No appeal followed. The instant petition was filed on May 3, 2021. *See* No. 21-cv-598, Doc. No. 1. I issued an Order to Show Cause directing the government to explain why Rodriguez's motion should not be granted. *See* No. 21-cv-598, Doc. No. 4. On July 6, 2021, the government filed an objection to the petition. *See* No. 21-cv-598, Doc. No. 5.

### II. LEGAL STANDARD

Section 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. In particular, "[s]ection 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing him or her, violated the Constitution or

the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time authorized by law." *Thai v. United States*, 391 F.3d 491, 493 (2d Cir. 2004).

Because Rodriguez is proceeding *pro se*, his petition is held to "less stringent standards than [those] drafted by lawyers." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). And I must liberally construe his papers "to raise the strongest arguments that they suggest." *Id.* (cleaned up).

### III.   DISCUSSION

A. <u>One-Year Statute of Limitations</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. *See* 28 U.S.C. §§ 2244(d), 2255(f)(1). Specifically, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For petitioners that do not appeal their convictions, like Rodriguez, the district court's judgment of conviction "becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). The time for filing a direct appeal of a

criminal conviction expires fourteen days after "the entry of … the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i).

Rodriguez's judgment of conviction was entered on July 19, 2019. *See* No. 16-cr-238, Doc. No. 315. Because Rodriguez did not file a direct appeal, his conviction became final fourteen days later on August 2, 2019. Thus, Rodriguez had a year from that date to file a timely section 2255 motion. Rodriguez did not file his petition until April 19, 2021,[1] thereby rendering his petition as untimely under section 2255(f)(1).

Alternatively, Rodriguez concludes that he is "entitled to the savings clause of [section] 2255(f)(3)." *See* Petition, No. 21-cv-598, Doc. No. 1, at 11. He is mistaken. The principal error in Rodriguez's argument is that he never identifies a new right recognized by the Supreme Court, thereby failing to meet the threshold requirement to invoke the statutory rule. Consequently, Rodriguez may not rely on section 2255(f)(3),[2] and his claims are time-barred absent equitable tolling.

B. Equitable Tolling

Section 2255's one-year limitations period may be tolled in "some extraordinary" circumstances. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). Such circumstances will exist only in exceptional cases where the petitioner "shows (1) that he has

---

[1] Filings by *pro se* prisoners are governed by the prison mailbox rule, which states that a prisoner's legal papers "should be deemed filed from the time a prisoner delivers [them] to prison authorities for forwarding to the district court." *Fernandez v. Astrue*, 402 F.3d 111, 113 (2d Cir. 2005). In this case, I assume that Rodriguez's filing date is the date on the cover letter accompanying his petition. *See Johnson v. Coombe*, 156 F. Supp. 2d 273 (S.D.N.Y.2001) ("Although it is not clear when the plaintiff gave his complaint to prison officials, absent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it.") (cleaned up).

[2] Rodriguez does not attempt to reply on sections 2255(f)(2) or 2255(f)(4). In light of his *pro se* status however, I consider whether they could apply. In doing so, I hold that those provisions do not apply because Rodriguez does not assert that he was prevented from filing his petition by governmental action, or that the factual predicates of his claims are newly discovered and could not have been earlier discovered through the exercise of due diligence.

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (cleaned up). The Second Circuit has explained that, "[t]o equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (cleaned up). Further, "[t]o show that extraordinary circumstances prevented him from filing his petition on time, [a] petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.*

Rodriguez contends that equitable tolling is warranted here because of (1) the COVID-19 pandemic; (2) a hurricane; and (3) his medical conditions. None of those arguments has merit, and I will address each in turn.

First, Rodriguez's mention of the pandemic, without more, is insufficient to invoke the equitable tolling doctrine. Without question, the COVID-19 pandemic was, and remains, a rare and extraordinary circumstance. Nevertheless, "[a] petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown." *See Hines v. United States*, 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021) (quoting *United States v. Aigbekaen*, 2021 WL 1816967, at *1 (D. Md. May 6, 2021)). But that is in effect all that Rodriguez does. Rodriguez does not articulate with any specificity how the pandemic hindered his ability to timely file his petition. Nor does he state any facts showing that he pursued his rights diligently during the

tolled period. At bottom, Rodriguez was required to proffer "*something*, at least, about his efforts." *Mairs v. Fields*, 2021 WL 4311140, at *2 (E.D.N.Y. Sept. 22, 2021). Because he completely failed to do so, I am not persuaded that the pandemic was the cause of the untimeliness, making equitable tolling unwarranted on that basis.

Similarly, Rodriguez's mention of a hurricane is insufficient to warrant tolling. This justification is even weaker than the last because Rodriguez provides no context about which hurricane he is referring to. Adding to the problem is the fact that Rodriguez does not explain how a hurricane interfered with his ability to file his petition. *See Bello v. United States*, 757 F. App'x 819, 823 (11th Cir. 2018) (holding that, although Hurricane Irma caused days of court closures and electrical outages, equitable tolling was not justified because plaintiff failed to explain why he could not file a timely Federal Tort Claims Act complaint once the hurricane passed). Because Rodriguez failed to provide any explanation regarding how a hurricane is causally connected to his failure to timely file the petition, the hurricane cannot provide a basis for equitable tolling.

Finally, Rodriguez's vague references to his health issues similarly fall short. Generally speaking, equitable tolling may be appropriate "where a plaintiff's medical condition or mental impairment prevented [him] from proceeding in a timely fashion." *Zerilli–Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). However, "the mere fact that [a petitioner] suffered with physical and mental ailments during the one-year period is insufficient to toll the one-year time period; [a petitioner] must show that these medical problems rendered him unable to pursue his legal rights during the relevant time period." *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 169–70 (S.D.N.Y. 2000)). Yet again, Rodriguez offers no explanation about how his health

issues impeded his ability to file a timely petition, which in effect, forecloses his equitable tolling argument.

C. Merits of Section 2255 Motion

Even if Rodriguez's petition were timely, his arguments fail on the merits. Rodriguez raises several claims in his petition: (1) the invalidity of the guilty plea and indictment; (2) alleged prosecutorial misconduct before the jury; (3) ineffective assistance of counsel; and (4) the sentencing court's lack of subject matter jurisdiction to hear the case.

i. *Invalidity of Plea Agreement/Indictment and Alleged Prosecutorial Misconduct*

Rodriguez has, as the government argues, waived his right to bring a habeas petition, and procedurally defaulted his ability to challenge the constitutionality of his plea agreement and any alleged prosecutorial misconduct.

In his plea agreement, Rodriguez expressly waived his right to collaterally attack his conviction or sentence "in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241." *See* Plea Agreement, 16-cr-238, Doc. No. 282, at 5. Contrary to Rodriguez's assertion, he waived those rights knowingly and voluntarily. A waiver is knowing if the "defendant fully understood the potential consequences of his waiver." *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004) (cleaned up). The record demonstrates that Rodriguez was advised of, and affirmed that he understood, the rights he was waiving at his change of plea hearing. *See United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (A district court is "entitled to rely upon [a] defendant's sworn statements, made in open court … that he understood … that he was waiving his right to appeal…."). Thus, the waiver is enforceable and precludes Rodriguez from raising these claims. *See Sanford v. United States*, 841 F.3d 578, 580

6

(2d Cir. 2016) ("A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable.").

Separately, but relatedly, the procedural default rule is also applicable. Under the rule, a petitioner cannot bring claims on collateral review that could have been brought on direct appeal unless he "can first demonstrate either cause and actual prejudice … or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (cleaned up); *see also Yick Man Mui v. United States*, 614 F.3d 50, 54 (2d Cir. 2010). Because Rodriguez never pursued a direct appeal, he can only overcome procedural default by establishing cause and prejudice, or actual innocence.

Cause can be established by showing that the default was the result of some external factor nonattributable to the petitioner. *See Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993). For example, a court may find "cause" where a claim "is so novel that its legal basis [was] not reasonably available to counsel" at the time of direct review. *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Actual prejudice means that the error alleged "worked to [a defendant's] actual and substantial disadvantage, infecting … error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). Rodriguez meets neither of those standards. To the extent that Rodriguez's ineffective assistance of counsel claim is meant to demonstrate cause, that argument is unpersuasive because his petition is devoid of concrete examples of how his counsel was ineffective. Similarly, Rodriguez only makes conclusory statements that he was prejudiced. More is required under the standard. *See United States v. Frady*, 456 U.S. 152, 170 (1982) ("[P]ossibility of prejudice" is insufficient.").

To establish actual innocence, the petitioner must show "that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S.

at 623 (cleaned up). Rodriguez does, albeit very briefly, assert an innocence claim. *See* Petition, No. 21-cv-598, Doc. No. 1, at 11 ("Because movant is innocent of the charge[s]."). But that too, is deficient. Importantly, Rodriguez never provides, or refers to any evidence that would suggest that he is factually innocent of the charges brought against him. Instead, what Rodriguez truly challenges is the sufficiency of the evidence used against him. That, however, is a legal innocence claim. The Supreme Court has underscored that the actual innocence exception applies for <u>actual</u> innocence. *Bousley*, 523 U.S. at 623 ("It is important to note in this regard that actual innocence means factual innocence, not mere legal insufficiency.") (cleaned up). Taken together, Rodriguez cannot establish cause and prejudice, or actual innocence in the alternative, to excuse the default.

    ii.    *Ineffective Assistance of Counsel and Lack of Subject Matter Jurisdiction*

Unlike the prior claims, Rodriguez's ineffective assistance of counsel and jurisdictional claims have not been waived or procedurally defaulted. But they are dismissed because they are meritless.

A petitioner seeking to bring a claim of ineffective assistance of counsel must satisfy two prongs: (1) counsel's representation "fell below an objective standard of reasonableness," and (2) this "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). A court assessing such a claim "must be highly deferential" to counsel, must make "every effort … to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time," and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

8

Rodriguez contends that his counsel failed to "challenge the essential facts and sufficiency of the indictment," "file pretrial motion[s]," and "suppress illegally seized evidence." *See* Petition, No. 21-cv-598, Doc. No. 1, at 15. Again, Rodriguez does not articulate what his counsel should have challenged or the basis upon which suppression should have been sought. In fact, Rodriguez argues at such a high level of generality that is difficult to grasp where he believes his counsel went wrong. Vague allegations such as those are insufficient under the first *Strickland* prong. *See Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 355 (N.D.N.Y. 2013) ("[A] claim of ineffective assistance of counsel must contain specific factual contentions regarding how counsel was ineffective."). Even assuming Rodriguez could meet the first prong of *Strickland*, he fails to demonstrate prejudice. Under the second prong, Rodriguez must show with reasonable probability that "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Rodriguez offers no substantive argument on that point.

Finally, Rodriguez's jurisdictional argument is plainly incorrect. "[A] district court has jurisdiction of all crimes cognizable under the authority of the United States." *United States v. Cotton*, 535 U.S. 625, 630–31 (2002) (cleaned up). Such jurisdiction would include 18 U.S.C. § 1201(a), the federal kidnapping statute Rodriguez was charged with, and to which he ultimately pled guilty. More accurately, Rodriguez contests the sufficiency of the evidence used to satisfy the elements of the offense. But for reasons described above, he has waived and procedurally defaulted raising such an argument.

### IV.    CONCLUSION

For the foregoing reasons, the section 2255 motion is dismissed as untimely and without merit.  Because Rodriguez has not made a "substantial showing" of denial of a constitutional

right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court shall enter judgment in favor of the United States and close this case.

    So ordered.

Dated at Bridgeport, Connecticut, this 26th day of April 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
